UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADOU DIAKITE,<br><br>                     Plaintiff,<br><br>v.<br><br>M. POLADIAN, et al.,<br><br>                     Defendants. | Case No.: 19cv1341-DMS(MSB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL [ECF NO. 61]** |

      On January 11, 2021, Plaintiff, a state prisoner proceeding pro se, signed a document entitled "Reconsideration for Request for Appointment of Counsel," which the Court accepted on discrepancy on January 19, 2021.  (See ECF Nos. 60 & 61.) Plaintiff asks the Court to reconsider its prior order denying Plaintiff's motion for appointment of counsel. (See ECF No. 61.)  In support, Plaintiff argues that he cannot afford counsel and is no longer receiving assistance from a jailhouse lawyer, this case has merit and is "very complex" because it involves several legal claims and Defendants, and may require expert testimony.  (Id. at 1-3, 7, 9.)  Plaintiff also contends that the evidence in this case will consist of conflicting testimony, which "will require skill in the presentation of evidence and in cross-examination."  (Id. at 2; see also id. at 8.)  Plaintiff further asserts that he has limited access to the law library and legal materials because he has been housed in administrative segregation for several months, and Covid-19

pandemic "makes it impossible to respond and take discovery adequately." (Id. at 1, 4.) Additionally, Plaintiff states that certain witnesses have been released from CDCR, while others were transferred to different correctional institutions, and he cannot locate witnesses. (Id. at 2; see also id. at 7-8.) Finally, Plaintiff maintains that he has "very limited college education," and limited knowledge of the law and civil procedure. (Id. at 2, 4.)

## I.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration." Soares v. Paramo, Case No.: 3:13-cv-02971-BTM-RBB, 2016 WL 3997594, at *1 (S.D. Cal. July 25, 2016). Courts permit motions for reconsideration to be brought under Federal Rule of Civil Procedure 59(e) or 60(b). Victorino v. FCA US LLC, Case No.: 16-cv-01617-GPC-JLB, 2017 WL 4557193, at *1 (S.D. Cal. Oct. 12, 2017). A motion for reconsideration is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed after the entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001); Hupp v. San Diego Cnty., Civil No. 12cv0492 GPC (RBB), 2014 WL 2865729, at *1 (S.D. Cal. June 24, 2014). Under Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Further, Civil Local Rule 7.1(i)(1) provides that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not

shown, upon such prior application." Id.  Motions for reconsideration may be brought within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. Civ.L.R. 7.1(i)(2).  Whether to grant or deny a motion for reconsideration is within the sound discretion of the court.  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  Lassiter v. Dep't Soc. Servs., 452 U.S. 18, 25 (1981); see also Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in Section 1983 action); Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.").  However, under 28 U.S.C. § 1915(e)(1), courts have the authority to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."  Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted).  When assessing whether exceptional circumstances exist, courts must evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Both factors must be reviewed before deciding whether to appoint counsel, and neither factor is individually dispositive.  Wilborn, 789 F.2d at 1331.

## II.  DISCUSSION

The Court notes that on April 21, 2020, it issued an order denying Plaintiff's motion to appoint counsel.  (See ECF No. 20.)  Plaintiff signed the instant motion on January 11, 2021, and the motion was filed on January 19, 2021, more than eight months after the issuance of the order Plaintiff seeks to reconsider.  (See ECF No. 61 at 10; ECF No. 60; see also ECF No. 20.)  As such, the motion for reconsideration is untimely.  See S.D. Cal. Civ.L.R. 7.1(i)(2) (requiring the filing of a motion for

reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered.").

Further, in his initial motion, Plaintiff argued that the appointment of counsel was warranted because he lacked legal training, had limited access to legal resources, was litigating with the help of a "jailhouse lawyer," the case was "very serious" and had merit, "conflicting evidence implicating the need for cross-examination w[ould] be important to the case," and Plaintiff would not be able to adequately investigate and litigate the case due to his incarceration. (See ECF No. 14 at 4, 8.) In the instant motion, Plaintiff reiterates many of his past arguments, and his cited reasons for the appointment of counsel parallel those asserted in his prior motion. (See id.) Having reviewed Plaintiff's additional arguments, the Court finds that they do not represent a basis for reversing the Court's prior decision. Since the Court's denial of Plaintiff's initial request to appoint counsel, Plaintiff has drafted and submitted numerous documents without the assistance of legal counsel. In addition to the instant filing, Plaintiff has submitted two motions to continue the deadline to serve written discovery [ECF Nos. 22, 26], three motions to continue the deadline to complete service of subpoenas [ECF Nos. 30, 45, 58], an objection to Defendants' *ex parte* application to continue Case Management Conference [ECF No. 35], an *ex parte* application to continue the deadline for expert designation and rebuttal expert designation [ECF No. 37], and a motion to continue the deadline to serve interrogatories [ECF No. 43].

The enumerated filings and Plaintiff's participation in the case to date demonstrate that he continues to have a sufficient grasp of the issues, is able to articulate the factual and legal basis of his claims, and participate in the discovery process. See Myers v. Basto, Case No.: 18cv2239-DMS(BLM), 2019 WL 265134, at *1-2 (S.D. Cal. Jan. 18, 2019) (finding that plaintiff failed to allege the requisite "exceptional circumstances" warranting the appointment of counsel, where the plaintiff argued that he was unable to afford counsel, had "very limited" access to law library, and that "imprisonment [would] greatly limit his ability to litigate properly."); see also Garcia v.

Blahnik, Case No.: 14cv875-LAB-BGS, 2016 WL 4269561, at *3 (S.D. Cal. Aug. 15, 2016) (finding that appointment of counsel was not warranted where, *inter alia*, plaintiff's "limited access to the law library ha[d] not prevented him from filing a well-articulated complaint and other motions with the Court."). Additionally, although Plaintiff alleges that he could not adequately litigate this case because he was placed in administrative segregation, and because of the restrictions stemming from the Covid-19 public health crisis, the Court has extended deadlines in this case numerous times to account for the above circumstances.

### III.  CONCLUSION

For the above stated reasons, the Court finds the appointment of counsel is not warranted. Accordingly, the Court **DENIES** without prejudice Plaintiff's motion for reconsideration of the order denying appointment of counsel.

**IT IS SO ORDERED.**

Dated:  January 28, 2021

_____
Honorable Michael S. Berg
United States Magistrate Judge