UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADOU DIAKITE,<br><br>                                    Plaintiff,<br><br>v.<br><br>M. POLADIAN, et al.,<br><br>                                    Defendants. | Case No.:  19cv1341-DMS(MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO MODIFY SCHEDULING ORDER [ECF NO. 68]**<br><br>**AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

On January 29, 2021, the parties filed a "Joint Motion to Modify Scheduling Order." (ECF No. 68.)  They ask the Court to continue their deadlines to bring a motion to compel and the deadline for filing pretrial motions by approximately thirty days.  (Id. at 1-2.)  In support, the parties state that Plaintiff is housed in Administrative Segregation, has minimal library access, and is scheduled to be transferred to a different prison.  (Id. at 1.)  They further assert that during the transfer, Plaintiff would not have access to his legal materials.  (Id.)  The parties contend that the requested continuance

is warranted so that they may complete discovery and adequately brief their pretrial motions.  (Id. at 1-2.)

Having considered the joint motion and finding good cause, the Court **GRANTS** the motion.  After consulting with the chambers of Chief United States District Judge Dana M. Sabraw, the Court modifies its Scheduling Order Regulating Discovery and Other Pretrial Proceedings as follows:

1.    A telephonic Case Management Conference is set for **February 25, 2021**, at **2:30 p.m.**  Defense counsel is to arrange and initiate the conference call.  The telephone number for Judge Berg's chambers is (619) 557-6632.

2.    Either party may bring a motion to compel, if any, by **March 16, 2021**.

3.    All pretrial motions must be filed by **April 21, 2021**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

4.    A Mandatory Settlement Conference shall be conducted on **March 15, 2021**, at **9:30 a.m.,** in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**.  All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a.    **Personal Appearance of Parties Required**:  All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for

immediate imposition of sanctions and may also result in the immediate termination of the conference.

If Plaintiff is incarcerated in a penal institution or other facility, Plaintiff's presence is not required at the Mandatory Settlement Conference and Plaintiff may appear by video conference.  In that case, defense counsel is to coordinate Plaintiff's appearance by video conference and provide contact information for the person facilitating the appearance at the prison at least two weeks in advance of the Mandatory Settlement Conference.

b. **Full Settlement Authority Required**:  A party or party representative with full settlement authority[1] must be present at the conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.  A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

c. **Confidential Settlement Statements Required**:  On or before **March 8, 2021**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements.  The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits.  Each party's settlement statement must outline

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

19cv1341-DMS(MSB)

(1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief. The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer. General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer. The settlement statement should be submitted confidentially and need not be shared with other parties.

        d.    **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**. **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

*/ / /*

19cv1341-DMS(MSB)

5.     Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **July 30, 2021**.

6.     Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 30, 2021**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

7.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **August 6, 2021**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

8.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **August 13, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

9.     The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **August 20, 2021**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

10.    The final Pretrial Conference is scheduled on the calendar of the **Honorable Dana M. Sabraw** on **August 27, 2021**, at **10:30 a.m.**  The trial is scheduled to start on **September 27, 2021**, at **9:00 a.m.**

11.    The parties must review the chambers' rules for the assigned district judge and magistrate judge.

19cv1341-DMS(MSB)

12.     A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13.     The dates and times set forth herein will not be modified except for good cause shown.

14.     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

15.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**All other deadlines and requirements remain unchanged.**

**IT IS SO ORDERED.**

Dated:  February 1, 2021

Honorable Michael S. Berg
United States Magistrate Judge

19cv1341-DMS(MSB)